UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DAVID WAYNE STANLEY,<br>    #49482 | )<br>)<br>) | |
| Plaintiff, | )<br>) | 2:10-cv-01911-JCM-PAL |
| vs. | )<br>) | **SCREENING ORDER** |
| LARR GREEN, *et al.*, | )<br>) | |
| Defendants. | )<br>/ | |

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The court now reviews the complaint.

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a

constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the

2

1  complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint
2  that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106
3  (9th Cir. 1995).
4         To sustain an action under section 1983, a plaintiff must show (1) that the conduct
5  complained of was committed by a person acting under color of state law; and (2) that the conduct
6  deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689
7  (9th Cir. 2006).
8  **II. Instant Complaint**
9         Plaintiff, who is incarcerated at Southern Desert Correctional Center ("SDCC"), has sued
10 officers Larr Green and Sgt. Torsky.  Plaintiff alleges that he was verbally harassed by officer Green
11 and that when he complained, both defendants later "impeded" investigation of the incident.  Plaintiff
12 claims violations of his First and Eighth Amendment rights.
13        **A.  Verbal Harassment**
14        In count I, plaintiff claims that in January 2010, he was playing ping pong with another
15 inmate when officer Green came over and said "If I hear any yelling again, I will shove this ping pong
16 table up someone's ass."  Plaintiff filed grievances complaining of the incident.  Plaintiff claims that this
17 violated his Eighth Amendment right to be free from cruel and unusual punishment.  However, mere
18 verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.
19 *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *see also Freeman v. Arpaio*, 125 F.3d 732,
20 738 (9th Cir. 1997) *overruled in part by Shakur v. Schiriro*, 514 F.3d 878 (9th Cir. 2008).  Accordingly,
21 count I is dismissed for failure to state a claim.
22        **B.  Retaliation**
23        In count II, plaintiff states that in April 2010, defendants handcuffed him and took him
24 to an officer where a Lt. Haight was present.  Sgt. Torsky asked plaintiff what his complaint was with
25 Green.  Plaintiff alleges that under "mental distress" he told Torsky of the statement at the ping pong
26 table.  A discussion ensued, and Torsky said that the matter was petty.  While not entirely clear, it

3

appears that Torsky believed that plaintiff had pointed his ping pong paddle at Green's face at the time and Torsky pointed out that plaintiff could have been placed in the "hole" for such behavior. Plaintiff denied the behavior and challenged the officers to "make something up" and put him in the hole. The interview apparently ended at that point.

"A prisoner suing prison officials under [§] 1983 for retaliation must allege that he [or she] was retaliated against for exercising his [or her] constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (*per curiam*); *see also Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *Austin v. Terhune*, 367 F.3d 1167-1170-71 (9th Cir. 2004); *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003); *Vignolo v. Miller*, 120 F.3d 1075, 1077-78 (9th Cir. 1997); *Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995); *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985). There is a First Amendment right to petition the government through prison grievance procedures. *See Rhodes*, 408 F.3d at 567; *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). "Retaliation against prisoners for their exercise of this right is itself a constitutional violation," and a mere threat of retaliation is sufficient injury if made in retaliation for an inmate's use of prison grievance procedures. *Brodheim v. Cry*, 584 F.3d 1262, 1269-70 (9th Cir. 2009) (citing *Burgess v. Moore*, 39 F.3d 216, 218 (8th Cir. 1994); *see also Rhodes*, 408 F.3d at 566. Such claims must be evaluated in the light of the deference that must be accorded to prison officials. *See Pratt*, 65 F.3d at 807; *see also Vance v. Barrett*, 345 F.3d 1083, 1093 (9th Cir. 2003). The prisoner must submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. *Compare Pratt*, 65 F.3d at 807 (finding insufficient evidence) with *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138-39 (9th Cir. 1989) (finding sufficient evidence). Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir. 1989). Finally, the prisoner must demonstrate that his First Amendment rights were actually chilled by the alleged retaliatory action. *See*

1  *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000); *see also Rhodes*, 408 F.3d at 568 (explaining that,
2  at the pleading stage, a prisoner is not required "to demonstrate a *total* chilling of his [or her] First
3  Amendment rights to file grievances and to pursue civil litigation in order to perfect a retaliation claim.
4  Speech can be chilled even when not completely silenced.") (emphasis in original); *Gomez v. Vernon*,
5  255 F.3d 1118, 1127-28 (9th Cir. 2001).

6  While plaintiff alleges that defendants impeded investigation into the incident in
7  retaliation for his grieving the incident, the facts he sets forth only show that Torsky questioned plaintiff
8  further about the incident, albeit in Green's presence. Plaintiff does not allege that defendants threatened
9  him or took any adverse action against him–in short, he sets forth no facts showing any retaliation.
10 Count II is dismissed for failure to state a claim upon which relief may be granted.

11 The gravaman of plaintiff's complaint is that defendant Green verbally harassed him,
12 which is insufficient to state a constitutional deprivation under § 1983. As it is clear from the face of
13 the complaint that the deficiencies cannot be cured by amendment, the complaint is dismissed without
14 leave to amend.

15 **III. Conclusion**

16 **IT IS THEREFORE ORDERED** that the clerk shall **FILE** the complaint (docket #1-2).

17 **IT IS FURTHER ORDERED** plaintiff's complaint is **DISMISSED with prejudice**
18 **and without leave to amend** for failure to state a claim for which relief may be granted.

19 **IT IS FURTHER ORDERED** that plaintiff's motion for courtesy mailing copies (docket
20 #8) and motion for interrogatories to defendant (docket #9) are **DENIED** as moot.

21 . . .
22 . . .
23 . . .
24 . . .
25 . . .
26 . . .

**IT IS FURTHER ORDERED** that the clerk shall enter judgment accordingly and close this case.

DATED this 18th day of January, 2011.

                                                              *James C. Mahan*
                                                              UNITED STATES DISTRICT JUDGE